LEMMON, Judge
(dissenting).
The motion for summary judgment should be denied, because there is in dis *65 pute in this case an issue of material fact, namely, whether or not Allstate actually mailed a written notice of cancellation to Cuccia. Allstate contends that it did, and in support of this contention filed an affidavit of the employee in charge of handling and mailing cancellation notices. On the other hand, Cuccia contends that Allstate did not mail the notice, based on the assertion that the notice was neither returned to Allstate nor received by him. He further supports this contention by the assertion that other mail addressed to him at Darlene Avenue was forwarded by the Metairie post office, according to his instructions.
On a motion for summary judgment, we should determine only whether or not a genuine dispute exists as to an issue of material fact; we should not evaluate the adequacy of the proof offered by the parties. as to that issue. The purpose of a summary judgment is to resolve disputes of law, not of fact. If a dispute of fact exists, the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
In my opinion the sufficiency of Allstate’s proof of mailing must be measured only after a trial on the merits, not on a motion for summary judgment. I therefore dissent.